**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

Filed & Entered
On Docket
June 1, 2011

_____

In re:
    Holly Nunn,                                            Chapter 7
          Debtor.                                Case # 11-10263

_____

**ORDER**
**SUSTAINING CAVALRY SPV 1, LLC'S OBJECTION TO THE DEBTOR'S CLAIM OF EXEMPTION AND**
**DENYING THE DEBTOR'S MOTION TO AVOID CAVALRY SPV 1, LLC'S JUDICIAL LIEN**

On March 29, 2011, Holly Nunn (the "Debtor") filed a voluntary chapter 7 petition (doc. # 1). On March 30, 2011, the Debtor filed a motion to avoid the judicial lien of Cavalry SPV 1, LLC ("Cavalry"), asserting that Cavalry's June 20, 2005 judgment order, which was recorded in the Town of Middlebury Land Records on November 16, 2009, impaired the Debtor's homestead exemption in property the Debtor acquired by conveyance of a warranty deed on April 2, 2010 (doc. # 5). On April 7, 2011, the Debtor withdrew the motion to avoid lien.

On April 8, 2011, Cavalry filed an objection to the Debtor's claim of homestead exemption, asserting that the Debtor could not claim the exemption with respect to Cavalry's judicial lien under 27 V.S.A. § 107 (doc. # 9). The Debtor filed a second motion to avoid Cavalry's judicial lien on April 12, 2011 (doc. # 11), which included a response to Cavalry's objection to the Debtor's claim of homestead exemption. Cavalry filed an objection to the motion to avoid lien on April 18, 2011 (doc. # 12).

The relevant Vermont statute provides that:

> Such homestead shall be subject to attachment and levy of execution upon causes of action existing at the time of acquiring the homestead, except as otherwise provided in this chapter. For that purpose, such time shall be the date of the filing of the deed of such homestead in the proper office for the record of deeds.

27 V.S.A. § 107. The Court recently addressed this provision in In re Lewis, 400 B.R. 417 (Bankr. D. Vt. 2009). In Lewis, the creditor objected to the debtor's claim of homestead exemption under 27 V.S.A. § 107, because the creditor's claim predated the debtor's acquisition of the homestead. Id. at 418. The debtor argued that 11 U.S.C. § 522(c) insulated the homestead from enforcement of the creditor's judgment. Id. The Court found that § 522(c) only applied to exempt property, there was no conflict in recognizing that state law may render property non-exempt to particular claims, and § 522(c) did not come into play at all because the property in question was not exempt under state law. Id. at 419. The Court found that 27 V.S.A. § 107 explicitly limited the extent of the homestead exemption and sustained the creditor's objection. Id. at 420. This Court addressed Lewis in its more recent decision, In

re LaVictoire, 2011 Bankr. LEXIS 1139, *11–12, *15–19, 2011 WL 1168288, *4–7 (Bankr. D. Vt. Mar. 29, 2011), in which it found Lewis to be consistent with two other cases of significant precedential value, CFCU Cmty. Credit Union v. Hayward, 552 F.3d 253, 258–59 (2d Cir. 2009) and In re Skjetne, 213 B.R. 274 (Bankr D. Vt. 1997).

Here, Cavalry's judicial lien is not subject to exemption, because the Debtor's real property was acquired on April 2, 2010, after Cavalry's November 19, 2009 recording of the judgment. See 27 V.S.A. § 107; see also Lewis, 400 B.R. at 420. Since the exemption does not apply to Cavalry, the Debtor cannot avoid Cavalry's judicial lien on the basis that it impairs the Debtor's homestead exemption. See Lewis 400 B.R. at 419–20; see also LaVictoire, 2001 Bankr. LEXIS 1139 at *19, 2011 WL 1168288 at *7.

Accordingly, IT IS HEREBY ORDERED that Cavalry's objection to the Debtor's claim of homestead exemption as to its claim (doc. # 9) is SUSTAINED.

IT IS FURTHER ORDERED that the Debtor's motion to avoid Cavalry's judicial lien (doc. # 11) is DENIED.

IT IS FURTHER ORDERED that the hearing scheduled for June 2, 2011 is cancelled.

SO ORDERED.

June 1, 2011  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

2