*Formatted for Electronic Distribution*                                                                                              *Not for Publication*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VERMONT

Filed & Entered
On Docket
June 13, 2011

In re:

    Holly Nunn,                                                                                              Chapter 7
        Debtor.                                                                                              Case # 11-10263

ORDER
GRANTING THE DEBTOR'S MOTION FOR CLARIFICATION OF DECISION ENTERED ON JUNE 1, 2011
AND AMENDING DECISION AS TO RATIONALE ONLY

        On March 29, 2011, Holly Nunn (the "Debtor") filed a voluntary chapter 7 petition (doc. # 1). On March 30, 2011, the Debtor filed a motion to avoid the judicial lien of Cavalry SPV 1, LLC ("Cavalry"), asserting that Cavalry's June 20, 2005 judgment order, which was recorded in the Town of Middlebury Land Records on November 16, 2009, impaired the Debtor's homestead exemption in property the Debtor acquired on April 2, 2010 (doc. # 5). On April 7, 2011, the Debtor withdrew the motion to avoid lien.

        On April 8, 2011, Cavalry filed an objection to the Debtor's claim of homestead exemption, asserting that the Debtor could not claim the exemption with respect to Cavalry's judicial lien under 27 V.S.A. § 107 (doc. # 9). The Debtor filed a second motion to avoid Cavalry's judicial lien on April 12, 2011 (doc. # 11), which reiterated the facts and legal arguments set forth in her original motion to avoid lien, and included a response to Cavalry's objection to the Debtor's claim of homestead exemption. Cavalry filed an objection to the motion to avoid lien on April 18, 2011 (doc. # 12).

        On June 1, 2011, the Court entered an Order sustaining Cavalry's objection to the Debtor's claim of exemption and denying the Debtor's motion to avoid Cavalry's judicial lien (doc. # 17). The Court found that Cavalry's judicial lien was not subject to exemption because the Debtor's real property was acquired on April 2, 2010, after Cavalry's November 19, 2009 recording of the judgment, and, since the exemption does not apply to Cavalry, the Debtor could not avoid Cavalry's judicial lien on the basis that it impaired her homestead exemption. In support of its legal conclusions, the Court relied upon 27 V.S.A. § 107; <u>In re Lewis</u>, 400 B.R. 417 (Bankr. D. Vt. 2009); and <u>In re LaVictoire</u>, 2011 Bankr. LEXIS 1139, *11–12, *15–19, 2011 WL 1168288, *4–7 (Bankr. D. Vt. Mar. 29, 2011).

        On June 3, 2011, the Debtor filed a motion asking the Court to clarify its June 1st Order, and in particular to specifically address <u>Owen v. Owen</u>, 500 U.S. 305 (1991). The Debtor also requested an

1

extension of the time to appeal, or, alternatively, a ruling on the Debtor's motion for clarification prior to June 15, 2011 (doc. # 18). Lastly, the Debtor requested that the Court take into account that her recitation of a homestead exemption in the amount of $75,000 was an error, stating that she would have asked leave to correct the figure and increase the homestead exemption amount to $125,000 for purposes of computing her rights under the motion to avoid lien, if the hearing had gone forward as scheduled on June 2, 2011. The Court construes the Debtor's motion (doc. # 18) as a motion under Federal Rule of Bankruptcy Procedure 9023 to amend the Court's June 1, 2011 decision (doc. # 17) denying the Debtor's motion to avoid Cavalry's judicial lien.

Beginning with the primary question raised by the instant motion, the Court finds that the Owen case does not compel a different outcome. This Court previously addressed the Owen case as part of its ruling in Lewis holding that 27 V.S.A § 107 limited the extent of the homestead exemption as follows:

> [T]he Second Circuit [in CFCU Comm. Credit Union v. Hayward, 552 F.3d 253 (2d Cir. 2009),] was looking to the text of the state statute to determine the scope of the homestead exemption. CFCU quoted the Supreme Court's holding in Owen v. Owen, 500 U.S. 305, 111 S. Ct. 1833, 114 L. Ed. 2d 350 (1991), which supports this position: "Nothing in subsection [522](b) (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all." CFCU, quoting Owen, 500 U.S. at 308.
>
> The reasoning of CFCU, while not directly addressing the issue presented here, is nevertheless instructive and persuasive. When a Vermont debtor chooses state court exemptions, the scope of such exemptions, as pointed out by CFCU, is determined by state law. In this case, [27 V.S.A.] § 107 explicitly limits the extent of the homestead exemption, and must be given effect.
>
> Accordingly, the Creditor's objection to the Debtor's claim of exemption is sustained.

Lewis, 400 B.R. at 420; see also LaVictoire, 2011 Bankr. LEXIS 1139 at *11–12, *15–19, 2011 WL 1168288 at *4–7 (discussing CFCU and Lewis).

In Owen, the Supreme Court addressed the Florida homestead exemption, which Florida courts had interpreted as being inapplicable to pre-existing liens. Owen, 500 U.S. at 307. The question before the Supreme Court was whether the judicial lien in question "impair[ed] an exemption to which [the debtor] would have been entitled under subsection (b)" of § 522(f). Id. at 309. The Supreme Court found that the correct method of applying § 522(f) to both federal and state exemptions was to "ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the lien." Id. at 312–13. The Supreme Court concluded that "Florida's exclusion of certain liens from the scope of its homestead protection d[id] not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision," but noted that its conclusion did not resolve the matter, and remanded to the Court of Appeals to consider, inter alia, whether the lien had fixed "on an interest

2

of the debtor." Id. at 313–14 (citing Farrey v. Sanderfoot, 500 U.S. 291 (1991)).

In Farrey, which the Supreme Court decided on the same day as Owen, the high court considered whether § 522(f) "allow[ed] a debtor to avoid the fixing of a lien on a homestead, where the lien [wa]s granted to the debtor's former spouse under a divorce decree that extinguishe[d] all previous interests the parties had in the property, and in no event secure[d] more than the value of the nondebtor spouse's former interest." Farrey, 500 U.S. at 292. The decision focused on the portion of § 522(f) that states that "the debtor may avoid the fixing of a lien on an interest of the debtor in property . . ." Id. at 296. The Supreme Court read the statute as requiring that, "unless the debtor had the property interest to which the lien attached at some point before the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)." Id. at 296 (emphasis in original). The Supreme Court found that "it is settled that a debtor cannot use § 522(f)(1) to avoid a lien on an interest acquired after the lien attached," and that "the critical inquiry remain[ed] whether the debtor ever possessed the interest to which the lien fixed, before it fixed." Id. at 299 (citations omitted). The Supreme Court held that section 522(f)(1) "requires a debtor to have possessed an interest to which a lien attached, before it attached, to avoid the fixing of the lien on that interest." Id. at 301. The Supreme Court found that, regardless of whether the divorce decree extinguished or reordered the parties' pre-existing interests, the debtor did not possess the interest to which the lien fixed, before it fixed, and could not avoid the lien under section 522(f)(1). Id. at 299–300.

On remand in Owen, the Eleventh Circuit considered, inter alia, the Supreme Court's holding in Farrey and its application to the question of whether there was a fixing of a lien on an interest of the debtor. Owen, 961 F.2d 170, 172 (11th Cir. 1992), cert. denied, 506 U.S. 1022 (1992). The Eleventh Circuit held that, since the judgment was recorded in 1976 and the property was acquired and the lien fixed simultaneously in 1984, there was never a fixing of a lien on an interest of the debtor, as the debtor had no property interest prior to the fixing of the lien. Id. at 172. Accordingly, the Eleventh Circuit determined that the debtor could not avoid the judicial lien on the property. Id. at 173.

The Second Circuit similarly addressed the Farrey case in In re Scarpino, 113 F.3d 338 (1997) and Colehamer v. Town of Sandgate (In re Colehamer), 1997 U.S. App. LEXIS 30440, 1997 WL 829264 (2d Cir. Nov. 5, 1997). The debtor in Scarpino filed a motion to avoid a 1990 judgment lien on real property the debtor had acquired in 1994. Scarpino, 113 F.3d at 339. The United States Bankruptcy Court for the Western District of New York granted the motion to avoid lien and the District Court affirmed, stating that "conceptually, there could be no attachment of the pre-existing lien until the property was first transferred to the debtor," and ruling that the lien did not attach until sometime after the debtor owned the property and that he was therefore entitled to avoid the lien under § 522(f)(1). Id.

3

at 339–40. On appeal, the question before the Second Circuit was "whether, under New York law, a judgment lien attaches at the moment of the debtor's post-judgment acquisition of real property or sometime thereafter." Id. at 341. The Second Circuit concluded that the judgment lien attached to the property simultaneously with the debtor's acquisition of the property and that the lien was thus not avoidable pursuant to § 522(f). Id. at 342.

In Colehamer, the United States Bankruptcy Court for the District of Vermont (Conrad, J.) denied the debtor's motion to avoid a lien held by the Town of Sandgate on grounds distinct from those presented at bar, and the District Court affirmed. See Colehamer, 1997 U.S. App. LEXIS 30440, *1–2, 1997 WL 829264, *1. However, on appeal, the debtor argued that his motion to avoid the Town's lien should have been granted because the lien had not fixed prior to the date the debtor acquired the property in question. Id. at *2, 1997 WL 829264 at *1. The Second Circuit rejected the debtor's argument, finding that "the encumbrance clearly fixed prior to [the debtor's] acquisition of the land," as the creditor obtained and recorded it judgment against this particular parcel in 1991, and the debtor acquired the property in 1992. Id. at *3, 1997 WL 829264 at *1. Based upon this finding, the Second Circuit affirmed the decision below and denied the Debtor's motion to avoid the Town's lien specifically because "[t]he land was thus fastened with a liability prior to its acquisition by [the debtor]." Id., 1997 WL 829264 at *1, (citing Farrey, 500 U.S. at 296). In construing this lien question in the context of a challenge to a Vermont lien, the Second Circuit observed that "a debtor cannot avoid liens that fix to property before or, in some case simultaneously with, an acquisition." Id. at *2, 1997 WL 829264 at *1 (citing Scarpino, 113 F.3d at 342).

Relying on the preceding cases, the Court finds that Cavalry's 2009 judicial lien did not attach after the Debtor acquired her interest in property, but rather attached simultaneously with the creation of the Debtor's interest in the property, on April 2, 2010. Since the Debtor had no interest in the property prior to when Calvary's lien attached to that property, she has no right to avoid Calvary's lien in this bankruptcy case, under § 522(f). See Farrey, 500 U.S. at 296; see also Owen, 961 F.2d 172, cert. denied, 506 U.S. 1022; Scarpino, 113 F.3d at 342; Colehamer, 1997 U.S. App. LEXIS 30440 at *3, 1997 WL 829264 at *1.

Turning to the Debtor's request to have the Court compute the Debtor's rights using the current amount of the Vermont homestead exemption, the Court finds this to be moot. In light of the foregoing determination, there is no need to engage in any §522(f) computation.

Lastly, having construed this as a motion under Federal Rule of Bankruptcy Procedure 9023, the Debtor does not need an extension of the time to file an appeal.

Accordingly, IT IS HEREBY ORDERED that:

4

1. the Debtor's request for clarification of the Court's June 1st decision is granted; and
2. based upon the clarification set forth above, the June 1st decision is amended only to add the preceding rationale, and no change is made to the conclusion articulated in that decision; and
3. the Debtor's request for an extension of the time to file an appeal is denied as moot.

   SO ORDERED.

June 13, 2011  
Burlington, Vermont

*Colleen A. Brown*  
Colleen A. Brown  
United States Bankruptcy Judge